Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and the putative classes

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANTELL THOMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELITE LEGAL PRACTICE P.C., a California Professional Corporation,<br><br>Defendant. | Case No.:  2:25-cv-10854-AGR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff SHANTELL THOMAS, individually and on behalf of all others similarly situated, brings this First Amended Class Action Complaint against ELITE LEGAL PRACTICE P.C. ("Defendant" or "Elite Legal") to stop its illegal practice of placing unsolicited phone calls that play artificial or prerecorded voice messages, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows:

FIRST AMENDED COMPLAINT                    1                    2:25-cv-10854-AGR

## NATURE OF THE ACTION

1. Defendant Elite Legal is a California law firm. As a part of its marketing, Defendant placed thousands of unsolicited phone calls with prerecorded voice messages to solicit new business.

2. Defendant did not obtain express written consent prior to placing these unsolicited phone calls, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. By placing phone calls using prerecorded voice messages, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

6. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

FIRST AMENDED COMPLAINT            2            2:25-cv-10854-AGR

## PARTIES

7.      Plaintiff SHANTELL THOMAS is a natural person residing in DeSoto, Texas.

8.      Defendant ELITE LEGAL PRACTICE P.C. is a California professional corporation. The registered agent listed on the California Secretary of State's website for Elite Legal is Incorp Services, Inc., 5716 Corsa Ave. Suite 110, Westlake Village, California. Defendant's customer care address is PO Box 51269, Los Angeles, CA 90051.

## JURISDICTION AND VENUE

9.      This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

10.     This Court has specific personal jurisdiction over Defendant because the Defendant resides in this district.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

12.     Defendant Elite Legal is a law firm professional corporation.

13.     As part of Defendant's marketing efforts, Defendant placed calls to thousands of consumers' phones using an artificial or prerecorded voice message.

FIRST AMENDED COMPLAINT                    3                    2:25-cv-10854-AGR

14.   Defendant placed multiple unsolicited phone calls soliciting Plaintiff and the putative class for its services.

15.   Defendant failed to obtain consent from recipients.

### PLAINTIFF'S FACTUAL ALLEGATIONS

16.   Starting in April 2024, for several months, Plaintiff received a series of phone calls from various telephone numbers to her cellular phone ending in 2356 soliciting legal services.

17.   Between April 2024 and January 2025, Plaintiff received 7 (seven) unsolicited calls that played an artificial or prerecorded voice for the purpose of soliciting Defendant's services.

18.   On April 30, 2024, Plaintiff received a message stating "I'm calling to inform you that all past due debts have been placed in non-collectible status, meaning you no longer have to pay them back. We highly advise you not to pay any more of your debt until we discuss your options. Once again, call us back at telephone number 888-201-0255, or reach me on my direct line at extension 3, by calling the number back showing on your Caller ID. Thank you for your time, and I look forward to calling you soon."

19.   On January 10, 2025, Plaintiff received another instance of the exact same message.

FIRST AMENDED COMPLAINT               4                2:25-cv-10854-AGR

20.   On January 16, 2025, upon calling the number back, Plaintiff was connected to a representative who proceeded along with the sales process and sent her an email with an Elite Legal Practice retainer agreement.

21.   Plaintiff searched for Defendant's registration on the site https://direct.sos.state.tx.us/telephone/telephonesearch.asp ("Texas Registration Database") and found that Defendant is not registered.

22.   Defendant does not qualify for an exemption to the telephone solicitation registration certificate requirement.

23.   Plaintiff was harmed by the calls. Plaintiff was temporarily deprived of legitimate use of her phone, the calls depleted Plaintiff's phone battery, and used up cellular data. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, a nuisance, and an invasion of Plaintiff's privacy.

## CLASS ALLEGATIONS

24.   **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years from the filing of the initial complaint to the present (2) Defendant initiated one or more calls (3) that play an artificial or prerecorded voice.

> **Texas Subclass**. All persons in Texas who: (1) from the last 4 years from the filing of the initial complaint to the present (2) Defendant initiated one or more calls (3) that play an artificial or prerecorded voice.

FIRST AMENDED COMPLAINT                     5                     2:25-cv-10854-AGR

**Texas Telemarketing Registration Class**. All persons in Texas who: (1) from the last 4 years from the filing of the Complaint to present (2) Defendant placed one or more calls to the person's phone number (3) for the purposes of soliciting Defendant's services.

25.   The following people are excluded from each Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or Defendant's parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26.   **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed phone calls to thousands of consumers who satisfy the definition of the Class. Members of the Class can be identified through Defendant's records.

27.   **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

FIRST AMENDED COMPLAINT                    6                    2:25-cv-10854-AGR

28.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

29.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

30.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether the phone calls were caused by Defendant;

b. Whether the calls used an artificial or prerecorded voice;

c. Whether Defendant holds a Texas Telemarketing registration certificate;

d. Whether Defendant obtained written express consent prior to placing the phone calls;

e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

31. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive

FIRST AMENDED COMPLAINT                8                2:25-cv-10854-AGR

supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice Messages**
**(On behalf of Plaintiff and the TCPA Class)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendant placed telephone calls to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

34. The calls played an artificial or prerecorded voice message.

35. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and Class members' personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

36. Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

37. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

### SECOND CAUSE OF ACTION
**Violations of Texas Bus. & Com. Code § 305.053**
**(On behalf of Plaintiff and the Texas Subclass)**

38. Plaintiff incorporates the foregoing allegations as if set forth herein.

FIRST AMENDED COMPLAINT                9                2:25-cv-10854-AGR

39.     The foregoing acts and omissions of Defendant constitute multiple violations of Texas Bus. & Com. Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without prior express written consent in violation of 47 U.S.C. § 227(b).

40.     Plaintiff seeks an award of at least $500.00 in damages for each such violation of Texas Bus. & Com. Code § 305.053(b).

41.     Plaintiff seeks an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

**THIRD CAUSE OF ACTION**
**Violations of Texas Bus. & Com. Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(On behalf of Plaintiff and the Texas Telemarketing Registration Class)**

42.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

43.     Defendant made sales calls to Plaintiff without having a valid registration certificate as required under Tex. Bus. & Com. Code § 302.101.

44.     As a result of Defendant's violations of Tex. Bus. & Com. Code § 302.101(a), Plaintiff seeks damages of up to $5,000 for each violation pursuant to Tex. Bus. & Com. Code § 302.302(a).

45.     As a result of Defendant's agents' violations of Tex. Bus. & Com. Code § 302.101(a), Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees pursuant to Tex. Bus. & Com. Code § 302.302(d).

FIRST AMENDED COMPLAINT                    10                    2:25-cv-10854-AGR

## FOURTH CAUSE OF ACTION
### Illegal Civil Barratry
### (On behalf of Plaintiff and the Texas Subclass)

46.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47.     Pursuant to Tex. Gov't Code Ann. § 82.0651 (c), a person who was solicited by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

48.     Pursuant to Texas Penal Code 38.12(a), A person commits an offense if, with intent to obtain an economic benefit the person (2) solicits employment, either in person or by telephone, for himself or for another.

49.     As alleged herein, Plaintiff was solicited by illegal telemarketing by Defendant who was selling employment for legal services. Accordingly, Defendant is liable for civil barratry.

50.     Subsection (b) provides that a client who prevails shall recover all fees and expenses paid to the person who committed barratry, actual damages, a $10,000 penalty, and reasonable and necessary attorney's fees.

FIRST AMENDED COMPLAINT                11                         2:25-cv-10854-AGR

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff SHANTELL THOMAS, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiff as the Class representative and appointing counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate § 227(b) of the TCPA, § 302.101 and § 305.053 of the Texas Bus. & Com. Code, and Tex. Gov't Code Ann. § 82.0651 (c);

C.    An order declaring that Defendant's conduct was willful and knowing;

D.    An award of $1,500 per call in statutory damages arising from § 227(b) for each intentional violation;

E.    An award of $1,500 in statutory damages arising from each violation of Texas Bus. & Com. Code § 305.053;

F.    An award of $5,000 in statutory damages arising from each violation of Texas Bus. & Com. Code § 302.101;

G.    An award of $10,000 in statutory damages arising from each violation of Texas Tex. Gov't Code Ann. § 82.0651(c);

H.    An injunction requiring Defendant to cease all unlawful phone calls;

I.    An award of reasonable attorneys' fees and costs pursuant to Tex. Bus. & Com. Code § 302.302(d). and Tex. Gov't Code § 82.0651; and

J.     Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: January 21, 2026          Respectfully submitted,


By:  /s/ Mark L. Javitch
Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff
and the putative classes*

FIRST AMENDED COMPLAINT                    13                    2:25-cv-10854-AGR